FILED

August 31, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Timmy Ray Smith | ) | Docket No. 2017-01-0003 |
| | ) | |
| v. | ) | State File No. 77768-2016 |
| | ) | |
| La-Z-Boy, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

**Affirmed and Remanded - Filed August 31, 2017**

---

This interlocutory appeal involves procedural issues concerning whether the employee's request for expedited hearing should have been dismissed and whether the employee's claim should have been placed on a dismissal docket for a show cause hearing. The employee filed a request for expedited hearing on the sixtieth day following the issuance of a dispute certification notice by the mediator. Neither an affidavit nor other supporting documentation was filed until the following business day. The employer objected to the request for expedited hearing, contending Tenn. Comp. R. & Regs. 0800-02-21-.12(1) and -.14(1)(a) (2016) required the request for hearing to be dismissed and the case to be placed on a dismissal docket for a show cause hearing. After considering the employee's request for expedited hearing, his affidavit filed the following business day, and the representation of employee's counsel that she intended to take a medical deposition, the trial court denied the employer's motion and scheduled a status conference to assess the appropriateness of scheduling the expedited hearing. The employer has appealed. Concluding that the employee's hearing request, although defective, was filed within the prescribed time period, we affirm the trial court's denial of the employer's requested relief and remand the case for any additional proceedings that may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Prairie A. Arnold, Chattanooga, Tennessee, for the employer-appellant, La-Z-Boy, Inc.

Rebecca L. Hicks, Dayton, Tennessee, for the employee-appellee, Timmy Ray Smith

1

## Facts and Procedural History

Timmy Ray Smith ("Employee") alleged work-related injuries as a result of bending over to pick up a box of parts in October 2016 while employed with La-Z-Boy, Inc. ("Employer"). The claim was initially accepted as compensable, but it was later denied by Employer based on its assertion that Employee suffered either a subsequent injury or an intervening incident that relieved it of its obligation to provide workers' compensation benefits.[1] Employee filed a petition for benefit determination on January 3, 2017, seeking additional medical and temporary disability benefits related to his alleged injuries.

When mediation efforts failed to resolve the parties' disputes, the mediator filed a dispute certification notice on February 27, 2017, which commenced the sixty-day period in which a party seeking further resolution of disputed issues is required to file a request for hearing with the clerk.[2] Employee filed a request for expedited hearing on April 28, 2017, the sixtieth day following the filing of the dispute certification notice. However, no supporting affidavit or other documentation establishing Employee's entitlement to benefits was attached to or filed with the Bureau of Workers' Compensation form requesting the hearing as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a).[3] Additionally, the certificate of service contained in the request was not signed, and the request did not include agreed-upon dates for an evidentiary hearing as instructed in the Bureau's form. On the following business day, May 1, 2017, the trial court clerk sent an email to the parties, noting that Employee's request for hearing was not "accompanied by an affidavit containing a plain and concise statement of the facts upon which the request [was] based." Prompted by the trial court clerk's email, Employee filed his affidavit in support of his request for expedited hearing later that day.

Also on May 1, 2017, Employer filed an objection to Employee's request for hearing along with its separate response to Employee's request. In its objection, Employer argued that Employee had not complied with applicable regulations. Specifically, Employer asserted that Employee failed to timely file a supporting affidavit or other documentation with his request, that he failed to sign the certificate of service contained in the request, and that he failed to include with his request agreed-upon dates

---

[1] Because Employer's appeal is purely procedural in nature, we forego any discussion of the facts surrounding the injury, the medical treatment provided, and the medical opinions concerning causation.

[2] "Immediately after a dispute certification notice has been filed with the clerk, either party seeking further resolution of any disputed issues shall file a request for hearing with the clerk on a form approved by the Bureau and serve a copy of the request on the opposing party or their counsel, if any." Tenn. Comp. R. & Regs. 0800-02-21-.12(1).

[3] "A request for expedited hearing must be accompanied by an affidavit containing a plain and concise statement of the facts upon which the request is based and any other documents demonstrating the party is entitled to the requested relief." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a).

to conduct the requested evidentiary hearing. Employer contended the trial court was obligated to dismiss Employee's request for expedited hearing and to place the case on a dismissal docket for a show cause hearing as provided in Tenn. Comp. R. & Regs. 0800-02-21-.12(1), which states:

> If no request for hearing is filed within sixty (60) calendar days after the date of issuance of the dispute certification notice, the clerk shall docket the case and place the case on a separate dismissal calendar for a show cause hearing.

The trial court denied Employer's requested relief, stating

> [t]he Court will not employ the harsh remedy of dismissing [Employee's request for hearing] because he filed his affidavit three days after he filed his [request for hearing]. Likewise, the Court will not place the claim on its show cause docket because [Employee] filed his affidavit sixty-three days after the issuance of the [dispute certification notice]. In that this claim is not yet set for hearing, [Employer] has shown no prejudice due to the manner by which [Employee] requested an expedited hearing.

Additionally, the trial court observed that, even if it did dismiss Employee's request for hearing and schedule the matter for a show cause hearing, the court would not dismiss the claim following the hearing as "[t]he record here makes it clear [Employee] intends to pursue this claim." The trial court did not address either the absence of Employee's or his attorney's signature on the certificate of service contained in the request for expedited hearing or the Employee's failure to include in the request agreed-upon dates for an evidentiary hearing. In its order denying Employer's requested relief, the trial court scheduled a status conference "to assess the appropriateness of scheduling the Expedited Hearing requested by Employee." Employer has appealed, asserting the trial court "erred in not dismissing the Employee's Request for Expedited Hearing and placing the Employee's Petition for Benefit Determination on the Dismissal Docket for a Show Cause hearing."

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2016). The interpretation of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

**Analysis**

Employer contends the plain language of the regulations governing actions before the Court of Workers' Compensation Claims requires that Employee's request for an expedited hearing be dismissed and that Employee's case be placed on a dismissal docket for a show cause hearing. As Employer correctly points out, administrative rules and regulations have the force and effect of law. *Id.* at *7-8.

Initially, we note that the regulation requiring the filing of a request for hearing within sixty days of the filing of the dispute certification does not address the filing of supporting documentation. *See* Tenn. Comp. R. & Regs. 0800-02-21-.12(1). There is no dispute that Employee filed a request for hearing within sixty days of the filing of the dispute certification notice as required by Rule 0800-02-21-.12(1). Rather, Employer asserts on appeal that it objected to Employee's request for hearing "primarily because neither an Affidavit nor any expert medical proof . . . was filed concurrent with the [request for expedited hearing]." Additionally, Employer emphasizes that Employee's affidavit "was not filed at the same time the [request for hearing] was filed and . . . was not filed within the 60-day time limitation."

Tenn. Comp. R. & Regs. 0800-02-21-.14(1), which addresses requests for expedited hearings, does not require that supporting documentation be filed concurrently with a request for hearing as argued by Employer, but it does provide that a request "must be accompanied by" supporting documentation. Thus, the dispositive issue here is not whether the trial court should have held a show cause hearing as contemplated in 0800-02-21-.12(1); rather, the issue is whether the trial court erred in allowing Employee to proceed when the supporting documentation for his request for expedited hearing was not filed at the time the request for hearing was filed and was not filed within sixty days of the filing of the dispute certification notice.

Our analysis of the issue is governed by well-established principles of statutory construction designed to guide courts in interpreting administrative rules and regulations. As we have previously observed,

> the search for the meaning of an administrative rule or regulation begins with its words, which must be given their plain and ordinary meaning in light of the context in which they are used. Courts must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. As stated by one court, when the words used "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them."

*Hadzic*, 2015 TN WRK. Comp. App. Bd. LEXIS 14, at *7-8 (citations omitted).

The statutes governing expedited hearings are silent as to time limits, stating only that such hearings are to be conducted upon motion of either party "made at any time after a dispute certification notice has been issued by a workers' compensation mediator." Tenn. Code Ann. § 50-6-239(d)(1) (2016). The time limit for filing a request for expedited hearing and the requirement that such requests "be accompanied by" supporting documentation are prescribed by administrative regulations. In the context of the regulation addressing expedited hearings, we conclude that "accompanied by" contemplates that the supporting documentation is to be filed in association with the request for hearing and does not necessarily require the documentation to be filed concurrently or contemporaneously with the request for hearing. The parties have not cited, nor are we aware of, contrary authority. Employer does, however, correctly point out that Employee's affidavit was not filed concurrently with his request for hearing as it was filed one business day after the request for hearing was filed. Nonetheless, the affidavit was filed for consideration with Employee's request for an evidentiary hearing that, importantly, was itself timely filed.

We generally agree with the trial court's statement that dismissing Employee's request for an expedited hearing may seem a harsh remedy for Employee's failure to file his affidavit at the time his request for hearing was filed. However, we also agree that a dismissal of Employee's request for hearing under these circumstances would not necessarily have resulted in the dismissal of Employee's claim. Moreover, Employer has not shown any prejudice due to Employee's failure to file an affidavit or other supporting documentation contemporaneously with his request for expedited hearing.

In denying the relief sought by Employer, the trial court effectively determined that Employee had shown or would show sufficient cause for his claim to continue even if the case had been placed on a show cause docket. While a trial court should have the discretion to determine whether to entertain a request for a hearing when the supporting documentation is filed separately and more than sixty days following the issuance of a dispute certification notice, the plain language of the regulation requiring that a request for hearing "must be accompanied" by supporting documentation cannot be ignored. *See Hadzic*, 2015 TN Comp. App. Bd. LEXIS 14, at *9-10. Our interpretation of the regulation gives meaning and purpose to the words included in the regulation and neither unnecessarily restricts nor expands the meaning of the language used. However, we caution that judges, trial or appellate, cannot disregard the language in the regulations, irrespective of whether applying or enforcing the regulations are perceived to result in a harsh outcome.

In addition, we find no merit in Employer's argument that the request for expedited hearing should be dismissed for Employee's failure to sign and date the request or his failure to identify mutually agreeable dates and times to conduct an evidentiary hearing. Although Rule 11 of the Tennessee Rules of Civil Procedure requires that every pleading or other paper "shall be signed by at least one attorney of record . . .," the only

signature required on the Bureau of Workers' Compensation form for requesting an expedited hearing is within the certificate of service. Employer has not alleged or shown prejudice as a result of Employee's failure to sign the certificate of service or to provide agreed-upon dates and times that the parties were available to appear for an evidentiary hearing. While we encourage parties to comply with the instructions on Bureau of Workers' Compensation forms, such instructions do not have the force and effect of law and we do not find the technical deficiencies in completing the form in the instant case to mandate the result urged by Employer.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed and the case is remanded for such additional proceedings that may be necessary.

**FILED**

**August 31, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Timmy Ray Smith | ) | Docket No. 2017-01-0003 |
| | ) | |
| v. | ) | State File No. 77768-2016 |
| | ) | |
| La-Z-Boy, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Rebecca L. Hicks | | | | | X | hickslaw@volstate.net<br>hloangie@volstate.net |
| Prairie A. Arnold | | | | | X | parnold@arnold-lawyers.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov